In re Wesley Allen **MYERS** and Sonja Diane Myers, Debtors.

**United States of America, on behalf of the Department of Agriculture Farm Services Agency ("FSA"), Appellant,**

v.

**Wesley Allen Myers, Sonja Diane Myers, and Ronald E. Holmes, Trustee, Appellees.**

BAP No. NM–02–035.
Bankruptcy No. 12–00–11511 SR.

United States Bankruptcy Appellate Panel of the Tenth Circuit.

Oct. 22, 2002.

Submitted on the briefs: * David C. Iglesias, United States Attorney, and Manuel Lucero, Assistant United States Attorney, Albuquerque, New Mexico, for Appellant.

George M. Moore of George M. Moore & Associates, Albuquerque, New Mexico, for Appellees Wesley A. Myers and Sonja D. Myers.

Ronald E. Holmes, Trustee, did not appear or file a brief.

Before BOHANON, BOULDEN, and NUGENT, Bankruptcy Judges.

## OPINION

BOHANON, Bankruptcy Judge.

This appeal of an order denying appellant's motion for relief from the stay turns on the issue of whether the appellant may set off funds it owes to the appellee-debtors for certain crop payments against what it claims the debtors owe to it as holder of a foreclosure judgment.

The complaint was decided below on complex issues of which one of various Farm Service Agency administrative regulations and programs applies to the case at hand. Under our analysis of the issues, the case can be decided on a straightforward interpretation of applicable provisions of the Bankruptcy Code, and we affirm.[1]

The fundamental facts were not in serious dispute and present a rather unique set of circumstances. The debtors are family farmers who owed the appellant a significant sum, which was secured by liens on their land and other assets. The loan went into default, and in 1997 the appellant sued to foreclose its interests. The debtors then filed a Chapter 12 petition, which was converted to a case under Chapter 7 the next year. Subsequently, their discharge was entered pursuant to § 727 of the Bankruptcy Code. The appellant then went about prosecuting its foreclosure complaint in the District Court, and obtained a stipulated foreclosure judgment against the debtors after the Chapter 7 discharge was issued and the case was closed.

The debtors then filed this second Chapter 12 petition in March, 2000. The parties stipulated that the debtors are authorized to enroll in farm related payment programs. The stipulation[2] also provides that "[t]he Department of Agriculture does not waive any rights it may have as to setoff or recoupment as to any amounts which become payable to Debtors as a result of enrollment for the years 2000, 2001, 2002, in any such program." Stipulated Order ¶ 2, *in* Appellant's Appendix at 48. It also states that the debtors do not admit that the Department of Agriculture has any rights of setoff. *Id.* ¶ 4, *in* Appellant's Appendix at 49. It is significant to our decision that this stipulation was made after the debtors had received their Chapter 7 discharge.

Later on, the appellant moved to modify the automatic stay in order to setoff payments made to the debtors against what it claims the debtors owed to it. The bankruptcy court denied stay relief in a memo-

---

* The parties did not request oral argument, and after examining the briefs and appellate record, the Court has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. Bankr.P. 8012. The case is therefore ordered submitted without oral argument.

1. There are no issues regarding jurisdiction to hear the appeal or the appropriate standard of review, which is *de novo*.

2. *See* Appellant's Appendix at 48–49.

randum opinion, which contains a lengthy discussion of the stipulation and various regulations and programs administered by the appellant.

As stated above, it is our view that the issue is fundamentally one of statutory interpretation of the Bankruptcy Code, rather than the Code of Federal Regulations.

When the debtors' Chapter 7 discharge was entered, it discharged them from "all debts that arose before the date of the order for relief under this chapter...." 11 U.S.C. § 727(b). Under 11 U.S.C. § 348, the date of the order for relief was in June, 1998, and no one disputes that their debt to appellant arose before that date.

Section 101(12) of the Code defines a "debt" as "liability on a claim." Section 101(5)(A) defines "claim" as "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured...." 11 U.S.C. § 101(5)(A). This means that the ever since the discharge was entered the debtors have had no personal liability for their debt to the appellant. Or, put in other terms, since that date the appellant has had no claim against the debtors.

It then is necessary to look at the Code section dealing with setoff, which is 11 U.S.C. § 553. Subsection (a) provides that "this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before commencement of the case under this title *against a claim of such creditor against the debtor* that arose before the commencement of the case...." 11 U.S.C. § 553(a) (emphasis supplied).

Because the debtors had been discharged of personal liability for their debt to the appellant before commencement of this case, there is no "claim of such creditor against the debtor." It then follows that because the creditor-appellant has no claim against the debtors it has nothing to setoff against what it owes to the debtors under the various agricultural programs.

The appellant argues that it has a valid right to setoff because the Chapter 7 discharge only extinguished the debtors' personal liability and not *in rem* liability. *See Dewsnup v. Timm,* 502 U.S. 410, 418, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992) (explaining liens and other secured interests pass through bankruptcy proceedings even though a discharge ends the debtor's *in personam* liability). In support of this position, the appellant directs the Court's attention to the opinion of the Court of Appeals for the Tenth Circuit in *In re Davidovich. See Davidovich v. Welton (In re Davidovich),* 901 F.2d 1533, 1539 (10th Cir.1990). However, *In re Davidovich* is factually distinguishable.

In *In re Davidovich,* the debtor was involved in post-petition arbitration proceedings concerning the dissolution of a law partnership. The arbitration proceedings concluded in favor of the debtor that he held a claim against his former law partner. The debtor brought an adversary complaint against the former law partner to recover on the claim. The defendant contended he had a right of setoff against the debtor. The bankruptcy court allowed the setoff, which was later affirmed by the district court and the Tenth Circuit.

On appeal to the Tenth Circuit, the debtor argued that the defendant had no right to setoff because the defendant had not filed a proof of claim and the debtor had already received his discharge. The Tenth Circuit affirmed the bankruptcy court and the district court, and it held that "a discharged debt may be setoff upon

compliance with the terms and conditions stated in section 553 of the Code." *Id.*

The defendant had a right of setoff because he held an *in personam* pre-petition claim against the debtor, just as the debtor held a pre-petition claim against the defendant. The debtor's subsequent discharge did nothing to change the pre-petition nature of the debts owed between the debtor and defendant. Contrary to the facts in *In re Davidovich,* in the present case, as discussed above, the appellant had no *in personam* pre-petition claim against the debtors due to the previous Chapter 7 discharge.

The Court is mindful that the Supreme Court has held that "claim" includes a claim against property of the debtor. *See Johnson v. Home State Bank,* 501 U.S. 78, 111 S.Ct. 2150, 115 L.Ed.2d 66 (1991). *See also* 11 U.S.C. § 102(2). In *Johnson,* the Supreme Court held that a Chapter 13 debtor, who had been discharged from *in personam* liability by a previous Chapter 7 on a mortgage debt, could still pay the remaining *in rem* claim against the property through a Chapter 13 plan. *See Johnson,* 501 U.S. at 88, 111 S.Ct. 2150.

However, the *Johnson* decision is distinguishable from the present case. First, the sub-sections at issue in that case were § 1322(b)(2) and (6), which concern "claims" or "allowed" claims. By the plain language of the section, those terms are not restricted. However, § 553(a) is limited to "a claim ... against the debtor." 11 U.S.C. § 553(a). While language of § 1322(b) is broad enough to include a claim against the property of the debtor, § 553(a) is limited to the personal liability of the debtor.

Finally, *Johnson* is distinguishable because the issue was whether an *in rem* claim that survived an earlier Chapter 7 case was an allowable claim for inclusion in a Chapter 13 case. *See Johnson,* 501 U.S. at 83, 111 S.Ct. 2150. In this case, the Court is not dealing with allowance of an *in rem* claim. Rather, the Court is dealing with a setoff in the context of enforcing the appellees' Chapter 7 discharge.

Accordingly, for reasons stated above, the decision of the bankruptcy court is affirmed.[3]

---

**3.** Also before the Court is the appellant's "Motion to Exempt the Docket Sheet From the Appendix" and the appellees' "Unopposed Motion for Authorization to Supplement Original Designation of Items to Be Included in Record on Appeal." Inasmuch as these motions are unopposed, they are hereby granted.